

FILED
NOV 14 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN ANTHONY DUKE SR.,

    Petitioner,

  v.

JAMES WALKER, Warden,

    Respondent.
                           /

No. C 07-02882 CW (PR)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING REQUEST FOR EXTENSION OF TIME FOR PETITIONER TO FILE TRAVERSE

(Docket nos. 9, 12)

    Petitioner John Anthony Duke Sr., a state prisoner, filed a pro se petition for a writ of habeas corpus.

    In an Order dated June 19, 2007, the Court directed Respondent to file an answer to the petition and granted Petitioner leave to file a traverse within thirty days after the answer was filed. After being granted a request for an extension of time (docket no. 7), Respondent filed his answer on October 17, 2007.

    Petitioner has requested appointment of counsel in this action (docket no. 12). He claims that he "is uneducated, mentally impaired and in no position to investigate facts stated by the Respondent. . . ." (Mot. Appt. Counsel at 1.)

    The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes

a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that appointment of counsel is not warranted in this case. Petitioner's claims were all briefed by counsel on direct appeal. They are typical claims that arise in criminal appeals and are not especially complex. This is not an exceptional case that would warrant representation on federal habeas review. Therefore, Petitioner's motion for appointment of counsel (docket no. 12) is DENIED.

Petitioner has also filed a request for an extension of time to file a traverse. Now that the Court has ruled on his motion for appointment of counsel, his request for an extension of time to file a traverse (docket no. 9) is GRANTED. Considering Respondent had four months to file his answer, the Court finds that a sixty-day extension is warranted. Petitioner shall file his traverse no later than <u>sixty (60) days</u> from the date of this Order. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision on the date his traverse is due.

This Order terminates Docket nos. 9 and 12.

IT IS SO ORDERED.

Dated: NOV 14 2007

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN ANTHONY DUKE SR,

        Plaintiff,

v.

JIMMY WALKER et al,

        Defendant.

Case Number: CV07-02882 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 14, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Anthony Duke P-97706
C.S.P. Sac IV
P.O. Box 290066
Represa, CA 95671-0066

Dated: November 14, 2007

                                Richard W. Wieking, Clerk
                                By: Clara Pierce, Deputy Clerk