IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOHN ANTHONY DUKE SR.,                )
                                      )
              Petitioner,             )
                                      )
       v.                             )
                                      )
                                      )
JAMES WALKER,                         )
                                      )
              RESPONDENT,             )
Acting Warden at C.S.P. Sac IV)

Case No. C 07-2882 CW (PR)
DENIAL/TRAVERSE AND EXCEPTION
TO THE ANSWERE TO THE ORDER TO
SHOW CAUSE AND THE MEMORANDUM
IN SUPPORT THEREOF WITH ACCOM-
PANYING POINTS AND AUTHORITIES

PETITIONER PROCEEDING
IN FORMA PAUPIRIS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISRTICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOHN ANTHONY DUKE SR.,                )       CASE No. C 07-2882 CW (pr)
                    Petitioner,       )       DENIAL/TRAVERSE AND EXCEPTION
                                      )       TO THE ANSWERE TO THE ORDER TO
          v.                          )       SHOW CAUSE AND MEMORANDUM IN
                                      )       SUPPORT THEREOF WITH ACCOM-
                                      )       PANYING POINTS AND AUTHORITIES
JAMES WALKER,                         )
                    Respondent.       )
_____ )

   Petitioner hereby enters his Denial/Traverse and exception
to the respondents "Answere" to the Order To Show Cause in the
above entitled action, and states;

### EXCEPTION

   Respondent has failed to set forth suffecient facts or law
to show cause why the relief prayed for should not be granted
in petitioners Petition For Writ of Habeas Corpus.

### DENIAL/TRAVERSE

#### I.

   Petitioner admits for the purposes of this action the allegat-
ion contained in Respondent's "Answere" to the Order To Show
Cause contained in paragraph I, I. Custody, but denies his comm-
itment and sentencing is pursuant to a valid judgement.

1

## II.

2  Petitioner states here that under Respondents "II Procedural
3  History" at p. 2 is correct as to the dates and actions taken
4  against petitioner, but also states as to the first four paragr-
5  aphs, his Constitutional Rights (U.S. and Cal. State) were viol-
6  ated throughout those said dates by those said courts of law.

7

## III.

8

9  Under the heading of respondent's "III. Procedural Issues".
10 at pargraph 1, respondent states that "Petitioners claim number
11 1. is not exhausted. Petitioner denies and contests this state-
12 ment and states that is _was_ exhausted when the California State
13 Supreme Court "denied" review of petitioner's "Petition For Rev-
14 iew".

15  In paragraph two of respondents "III Procedural Issues",
16 respondent states that "petitioner's claims number 2 and 3 should
17 be dismissed for failure to state a violation of Federal Law".
18 Petitioner denies this allegation of respondent, in fect, petit-
19 ioner's claims 2 and 3 clearly states a violation of Federal
20 and States Law both.

21  Petitioner admits for the purposes of this action the alleg-
22 ations in paragraph three of respondent's "III. Procedural Iss-
23 ues" that "The petition is timely within the meaning of 28 U.S.C.
24 § 2254 (d).

25

26

## IV

27

28  Petitioner denies each and every allegation in and of resp-

1    ondents "Answere" to this Honorable Court's "Order To Show Cause"

2    excepting only those matters admitted in this "Denial/Traverse"

3    and admitted in the accompanying Memorandum of Points and Author-

4    ties incororated herin. In particular, petitioner restates his

5    "Claim One", PETITIONER WAS RENDERED INNEFFECTIVE ASSISTANCE OF

6    COUNSEL WHEN HIS TRIAL ATTORNEY ADVISED HIM THAT HE COULD WITH-

7    DRAW HIS NGI PLEA DURING TRIAL AND THAT IT COULD BE REINSTATED

8    AT ANY TIME LATER AUTOMATICALLY, THUS, VIOLATING HIS 6th AND

9    14th AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION AND THE

10   CALIFORNIA CONSTITIUION ARTICAL 1 § 16 AND 24.". Petitioner's

11   "CLAIM TWO", PETITIONER's 6thAND14th AMENDMENT RIGHTS TO THE

12   UNITED STATES CONSTITUTION AND THE CALIFORNIA CONSTITUTION ART-

13   TICAL 1 § 1 and 24 WERE VIOLATED WHEN THE TRIAL COURT ERRED

14   IN ALLOWING PETITIONER TO WITHDRAW HIS NGI PLEA WITHOUT AN ADE-

15   QUATE KNOWING AND INTELIGENT COMPREHENSION THAT HE WAS LIKELY

16   GIVING UP FOR ALL TIME HIS RIGHT TO A JURY TRIAL ON HIS SANITY".

17   And his "CLAIM THREE", PETITIONER'S 6th AND 14th AMENDMENT

18   RIGHTS TO THE UNITED STATES CONSTITUTION AND THE CALIFORNIA CON-

19   STITUTION ARTICAL 1 § 16 AND 24 WERE VIOLATED AFTER DEFENCE COU-

20   NSEL CONFIRMED ON-THE-RECORD THAT HE HAD MISADVISED PETITIONER

21   THAT HE COULD WITHDRAW HIS NGI PLEA WITHOUT RISK BECAUSE IT

22   COULD BE REINSTATED AT ANY TIME".

23

24                              V.
                            CONCLUSION
25

26       Petitioner respectfully requests for the forgoing reasons

27   and the reasons originally stated in his "Petition For A Writ

28   Of Habeas Corpus" that his "Petition For A Writ Of Habeas Corpus

1   be "granted".

2

3                                           Respectfully Submitted,

4

5      Date:                               *John Duk SR* 03/04/08
         CC: File 104                      John Anthony Duke Sr.
6             Office of the                C.D.C. # P-97706
              Attorney General
7             at 455 Golden Gate
              Ave., Suite 11000,
8             San Fransisco, Ca
              94102-7004

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1           IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                OAKLAND DIVISION

4

5  JOHN ANTHONY DUKE, SR.,   )   CASE No. C 07-2882 CW (PR)
                       )   MEMORANDUM OF POINTS AND
6           Petitioner,  )   AUTHORITIES IN SUPPORT OF
                       )   PETITIONER'S DENIAL/TRAVERSE
7        v.            )   AND EXCEPTION TO THE RESPOND-
                       )   ENT'S ANSWERE TO THE ORDER
8  JAMES WALKER,          )   TO SHOW CAUSE
               Repondent,   )
9  Acting Warden at CSP Sac IV )

10

11

12

13     In respondent's "Memorandum of Points and Authorities In

14  Support of Answere To Order To Show Cause", respondent recites

15  to this honorable court a "Statement of The Case" in which petit-

16  ioner does not contest and concedes that statement to be accurate,

17  with one exception of respondents statement at p. 2 paragraph

18  1, L. 1-2, stateing "On November 6,2003, the court allowed petit-

19  ioner to withdraw the NGI plea". Petitioner does not agree that

20  the "Court" only "allowed" petitioner to withdraw his NGI plea,

21  but "endorsed" the withdrawal of the NGI plea knowing full well

22  that petitioner did not understand theconsequences of that action.

23     In respondent's "Statement of Facts" at p.2, at L. (s) 16-

24  26 and p.3 L. 1-4, petitioner doesnot contest these statements

25  and for the purposes of this action, concedes they are accurate.

26     In respondent's "Standard of Review" at p.3 L. 7-9, respon-

27  dent states (in part) "A Federal Court may grant a Writ of

28  Habeas Corpus to a state prisoner only if a state court's rul-

1  ings "resulted in a decision that was contrary to, or involved
2  an unreasonable application of clearly established law, as determined
3  by the Supreme Court of the United States".

4  In petitioner's case, the state courts ruling (s) did result
5  in decision (s) that are contrary to clearly established Federal
6  Law as determined by the Supreme Court of the United States.

7  Respondent goes on to state (in part) at L. 11-14, that
8  "Under the 'Contrary to Clause', a state court's decision is contrary
9  to Federal Law if it "contradicts the governing law set forth
10  in our [United States Supreme Court] cases" or if it confronts
11  a set of facts that are materially indistinguishable from a
12  decision of this court and neverless arrives at a result diffe=±
13  rent from our presedent".

14  In petitioner's case, the state courts decision (s) are
15  contrary to Federal Law, they do contradict governing laws set
16  forth in the United States Supreme Court's cases, in petitioners
17  case the state courts decisions resulted in a result that is
18  contrary to United States Supreme Court's precident as well
19  as State and Federal Constitutional Laws.

20  At L. 19-25 (in part), respondent states that " the state
21  courts are presumed to know and follow the law", and the standard
22  for evaluatimg state-court-rulings, which are given "benifit
23  of the doubt" is highly deferintial. That "In order to warrenthabeas
24  relief,the state court's application of clearly established
25  Federal law must not be merely erroneous or inccorrect but
26  objectively incorrect but "objectively unreasonable". That "It
27  is the habeas petitioners burden to make that showing".

28  Petitioner states here that it is in fact unreasonable objec-

P. 2

1  tively to presume that the state court's not only know the law,
2  but follow the law. If this was true, there would be no need
3  of an avenue to resolve a grievance via the "Great Writ Of Habeas
4  Corpus". When a states courts application of clearly established
5  law is "erronoeus and or incorrect" it results in the violation
6  of the United States Constitiutional Rights Guaranteed to U.S.
7  citezens, any and every time this occurs, these wrongs deserve
8  to be righted by way of Habeas relief. Petitioner will demons-
9  trate agian for this honorable court how his state and federal
10  rights have been violated.

11

12      In respondent's "Argument I." (at resp. p. 4) respondent
13  states "Petitioner's claim that he recieved Inneffective Assis-
14  tance of Counsel is not exhausted; In any event ; It has no
15  merit". In respondent's "A Petitioner's Contention" (In sum)
16  respondents contention is thast "Petitioners Claim I. This Claim
17  Is Not Exhausted". Petitioner denies this statement and contention.
18  Respondent goes on to state (at L. 10) that petitioner did not
19  raise this claim to the California Supreme Court". Petitioner
20  denies this statement. At L. (s) 12-13 respondent mistakenly
21  goes on to recite petitioners Claim 1 in his Petition For Review
22  to the California Supreme Court, and mislables petitioner's
23  Claim 2 at L. 15-17 as respondents "Exh.E. (Argument 1).

24

25                          **ARGUMENT**
26                             I.

27

28      Petitioner's appellate attorney (in a Petition For Review

1  filed in the California State Supreme Court) did in fact bring

2  up a " Statement Of Issues Presented For Review", the first

3  one, "Claim 1." (at p. 1) read as follows:

4          "1. Did appellate volantarily, knowingly and
           inteligently withdraw his plea of not guilty

5          by reason of insanity (NGI plea) where the trial
           court endorsed defense counsel's mistaken unders-

6          tanding, stated on-the-record in front of his
           client, that appellate could freely reinstate

7          the NGI plea at a later point in the trial ?".

8  and

9  and "Claim 2" at p. 2, read as follows:

10         "2. Did appellate establish in his Marsden [1] motion

11         that he was denied the effective assistance of
           counsel in violation of his rights under the

12         Sixth and Fourteenth Amendments so that the trial
           court erred in refusing toappoint new counsel ?".

13

14 Petitioner's (court appointed) appellate attorney goes on to

15 "discuss" (at p.2 and 11) those two cliams under the heading

16 of **"NECESSITY FOR REVIEW"** I." and "II".

17     In petitioner's "Direct Appeal" in the California Court

18 of Appeals (as stated at p.12. of petitioner's Petition For

19 Review), that court made a ruling stateing (in part) that defense

20 counsel's misreading of Guillebeau does not establish inneffective

21 assistance of counsel 'because counsel made a tacticaal ,decision

22 to withdraw the NGI plea", and by the California State Supreme

23 Court's "Denial" of petitioner's "Petition For Review" whereas

24 the IAC claim <u>was</u> brought up (and claimed a violation of Federal

25 Constitutional Rights), this claim is exhausted in the highest

26 state court of California.

27

28

**II.**

Respondent (at p.5) goes on to state (at L.15) "C." "The claim has no merit". And continues to contend that the claim (petitioner's clam 1) is not exhausted. Petitioner specifically denies that his claim is unexhausted, and specifically denies the respondent's statement that it has no merit. In fact, as stated by this Honorable Court that "It does appear from the face of the petition that it is not without merit", and "good cause appearing", ordered the respondent to show cause why the petition should not be granted. Instead, respondent has failed to directly address the actual issue of petitioners IAC claim in its "Argument I., A,B, or C".

Petitioner herin restates his "Claim One": That "Petitioner Was Rendered Inneffective Assistance Of Counsel When His Trial Attorney Advised Him That He Could Withdraw His NGI Plea During Trial and That It Could Be Reinstated At Any Time Later Automatically, Thus, Violating His 6th and 14th Amendment Rights To The United States Constitution and The California Constitution Artical 1 § 16 and 24". Petitioner was prejudiced by his trial attorney's performance being deficient and falling below an objective standard of reasonableness under prevailing proffessional norms in his inability and or incompetence of not being able to interpret or understand the holding in the Guillebeau case (107 Cal. App. 3d 531), thus he misadvised petitioner to withdraw hgis NGI plea. It cannot be said that petitioner trial attorneys decision to advise petitioner to withdraw NGI plea was based on a rational tactical basis when it is all to clear on the record that his

1   counsel misinterpreted the Guillebeau case.

2       Petitioner believes that he has demonstrated that he recieved

3   inneffective assistance of counsel, that trial counsel's repres-

4   entation and performance fell below an objective standard of

5   reasonableness under prevailing proffessional norms, that petit-

6   ioner has established that had his trial attorney not committed

7   the unproffessional error, the outcome would have been different,

8   and that his trial attorney's choices could not possibly have

9   been based on any rational, tactical or strategic basis what-

10  so-ever.

11  It is petitioner's contention that if his NGI plea had not been

12  withdrawn at the begining of his criminal trial, and the above

13  said evidence (evidence of mental defects beyond drug injestion

14  that contributed to his psycotic state) would have been presented

15  to his jurrors, there is a reasonable probability the out-come

16  of the jurrors verdict would have been different, even to the

17  extent that petitioner would not have been found guilty of first

18  degree premeditated murder at all because the elements simply

19  do noe exist, especially when petitioner already suffers from

20  a mental defect and has a substantial family history of mental

21  illness.

22      Petitioner believes he has shown this Honorable Court that

23  he was rendered inneffective assistance of trial counsel and

24  prays that this Honorable Court grant this Habeas Corpus Writ.

25

26                              III.

27

28      In respondents "Argument II", in bold capitol lettering,

1  (at respondents p.6) states; Petitioner's Claim That The State

2  Constitiution Was Violated When The Court Accepted The Withdrawal

3  Of His Plea Of Not Guilty By Reason Of Insanty Does Not State

4  A Basis For Relief On Habeas Corpus".

5      Petititoner states here that the above said statement by

6  respondent is inaqurate and purposely misleading, and denies

7  that this was all petitioner claimed in his "Claim Two" in his

8  "Petition For A Writ Of Habeas Corpus" he filed in this court.

9      Respondent goes on to purposely mistate petitioner's claim

10  at respondents p. 6 L. 12-16. And then claims (at L.16) "Petit-

11  ioner claims only a state law violation; thus he has not stated

12  a basis for Federal Habeas relief". And further states (at L.

13  17) "Moreover, any error was harmless". And at respondents "B",

14  (in bold lettering) states that "This Claim Should Be Dismissed

15  Because It Does Not Assert A Violation Of Federal Law", and then

16  goes on to cite numerous cases relateing to dismissing claims

17  based on procedural mistakes from p. 6 L. 20-28, and at p. 7

18  L. 1-4 cited cases that do not apply to, nor are they relevant

19  to petitioner's claims One, Two or Three.

20

21  A. PETITIONER DENIES THAT HE ONLY STATED A STATE LAW VIOLA-

22  TION, AND DENIES THAT HE HAS NOT STATED A BASES FOR FEDERAL HABEAS

23  RELIEF.

24      As can be clearly seen in petitioner's "Petition For A Writ

25  Of Habeas Corpus" on p. 6 and continued to pp. 9, petitioner's

26  "Claim Two" reads as follows ;

27              "Claim Two: PETITIONERS 6th AND 14th AMENDMENT
               RIGHTS TO THE UNITED STATES CONSTITUTION AND
28             THE CALIFORNIA CONSTITUTION ARTICAL I § (s) 1 and

1    24 WERE VIOLATED WHEN THE TRIAL COURT ERRED
     IN ALLOWING PETITIONER TO WITHDRAW HIS
2    NGI PLEA WITHOUT AN ADEQUATE AND KNOWING
     AND INTELIGENT COMPRENHENSION THAT HE
3    WAS LIKELY GIVING UP FOR ALL TIME HIS
     RIGHT TO A JURY TRIAL ON HIS SANITY"

4

5    The very begining of petitioners "Claim Two" clearly states

6    two violations of clearly established Federal Law, that being

7    (first) of his 6th Amendment Right to the U.S. Constitution

8    because the trial court judge knew full well that petitioners

9    trial counsel had misread and misinterpreted the holding pres-

10    identt in the Guillebeau case, thus also knew that petitioners

11    trial counsel was not being competent, alert, aware or effective

12    in his representation of petitioners case or rights, he (petit-

13    ioners trial attorney) was in fact defecient in his ability to

14    interpret correctly (even after being given ample time to re-

15    read) the Guillebeau case, the trial judge knew this and thus,

16    also knew that petitioner was not only being misrepresented but

17    also misadvised by his trial attorney and instead of correcting

18    this as he should have done (see Boykin v. Alabama (1969)395

19    U.S. 238, 243-244 to argue that trial courts must use "the utmost

20    solicitude" to make sure a criminal defendant has a full unders-

21    tanding of what entering or withdrawing a plea connotes and its

22    consequences) (here again, see People v. Bloom (1989) 48 Cal.

23    3d 1194 ; People v. Guerra (1985) 40 Cal. 3d 377 : and People

24    v. Medina (1990) 51 Cal. 3d 870), for the priciple that, a defen-

25    dant can freely withdraw an NGI plea if the trial court ensures

26    that he has an adequate comprehension of the consequences. In

27    petitioners case, the trial court failed to do so, in fact, when

28    petitioner entered his NGI plea, the trial court allowed the

1  the prosecutor to adequately advise and explain in substantial
2  detail the consequences of the NGI plea and that a finding under
3  that plea could result in a lifetime committment to a mental
4  institution, even if convicted of a lesser crime than those charged
5  (Manslaughter). But, when the shoe was on the other foot, the
6  trial court failed to do its duty when it knew it should have,
7  in fact, by what the trial judge asked petitioner (The trial
8  judge asked) "Did you hear what your lawyer said ?", (petitioner
9  looked at his trial attorney, who shook his head yes) and petit-
10 ioner then answered that he had "yes". The trial court judge
11 then asked if " is it your desire to withdraw your NGI plea ?
12 Do you know exactly what you are doing ? and "Have you had a
13 chance to talk to your attorney about this ?",(again petitioner
14 looked at his trial attorney, whom again shook his yes to petit-
15 ioner) and again, then petitioner answered yes to all of those
16 questions.

17
        [Please note: This all took place just after
         a lunch break in open court where there was
18       no time to discuss or confer this matter with
         petitioners trial attorney, petitioner answ-
19       ered "yes" to all of the above said questions
         because his trial attorney (by shaking his head
20       in an affirmative matter) advised him to.]

21

22      The trial court judge knew full well that petitioner did
23 not understand what was happening, the trial judge knew that
24 petitioners trial attorney was in error in his advise and was
25 incompetent, and instead ofusding the opportunity properly on
26 its own motion (sua sponte) to ensure that petitioner was making
27 not only a choice based on a knowing, inteligent, aware and adequ
28 uate comprehension of the consequences, but also to fairly and

1  equally protect petitioners rights as a citezen of California

2  and the United States, the trial court judge "endorsed" the wron-

3  gfull withdrawal of petitioners NGI plea stateing that it "is

4  making no committment beyond accepting the withdrawal" and ask-

5  ed petitioner if he understood, petitioner agian looked at his

6  trial attorney who again shook his head yes, and petitioner again

7  then answered "yes". The court then accepted petitioners withd-

8  rawal of petitioners NGI plea violating petitioners 6th Amendment

9  Right to counsel, his 6th Amendment Right to a jury trial by

10 an impartial jury on his sanity, therefore, violating petitioners

11 14th Amendment Rights to the due process and equal protection

12 of the laws, as well as his state constitutional rights as stated

13 earlier above. Had petitioner been correctly advised of the consequences

14 of withdrawing his NGI plea, he would not have done so even if

15 further advised to by his trial attorney. Wherefore the out come

16 of the verdict would more likely than not been different, Trial

17 counsel had more evidence of petitioner's mental instabilities

18 but withheld them for the sanity phase of a jury trial in which

19 petitioner was not aforded by way of the trial court judges prej-

20 udicial error. The respondent, on one hand would have this court

21 believe and deny petitioners writ on the premise that "the state

22 courts are presumed to know and follow the law" and be given

23 the benifit of the doubt, but here, in petitioners case, the

24 state court did not follow the law, nor did the appellate court

25 or the Supreme Court of Cal., if it (or they) had, they would

26 have followed the holding of Bloom, Guerra, Medina, Boykin and

27 even Morgan v. Bunnell (9th Cir. 1994) 24 F. 3d 49, 52.). The

28 error herre committed by the trial court is of an eggrigious

1  constitutional magnitude and predjudicial to petitioner. On the
2  other hand, respondent would have this court believe and deny
3  petitioners writ on the premise that petitioenr only states a
4  violation of state law and has not stated a basis foe Federal
5  relief (which petitioner vemenently denies). And yet, on a third
6  hand (which apparently only the respondent has) respondent would
7  have this court believe and deny petitioners writ based on the
8  premise that if on either of the above hands if a state or federal
9  violation existed, "any error was harmless". Petitioner vemenently
10 denies every premised statement made by respondent and believes
11 he has shown and proven his case on this issue to this honorable
12 court.

13

14  **B. PETITIONER DENIES THAT THE ABOVE SAID CLAIM DOES NOT**
15  **ASSERT A VIOLATION OF FEDERAL LAW, AND STATES THAT IT**
    **DOES**

16

17  The terms used by respondent "Assert" and "Federal Law",
18  as this court is aware, is defined clearly, efficiently and
19  fairly by several sources. Two of these sources are the "Webs-
20  ters Dictionary" and the "Black's Law Dictionary". The Black's
21  Law defines "Federal Laws under Federal Acts", which states ;

22              Statutes enacted by Congress, relating to matters
              within authority delegated to federal government
23              by U.S. Constitution".

24  A constitution is (by Webster's definition) :

25

26              "1: An established law or custom."

27  Assert is (by Webster's definition) :

28              "1: To state or declare positively and

P. 11

1    often forcefully or aggresively."
2  and by the Blacks Law Dictionarys definition is:
3    "To state as true; declare; maintain."
4    Petitioner has clearly "asserted a violation of Federal Law
5  in the above said claim as well as a state law violation and
6  denies that this claim should be dismissed based on respondents
7  said claim.
8    Respondent goes on to recite to this court what the state
9  court of appeal had to say in its ruling, but doe not recite
10 what the state Supreme court had to say in its ruling. Never-
11 the-less, both courts denied petitioners appeals and petitioner
12 rejects respondents recital of the lower courts ruling, as they
13 have (by thier denials) also endorsed  the violations claimed
14 in petitioners Petition For A Writ Of Habeas Corpus filed in
15 this court. Petitioner also denies the statement made by resp-
16 ondent at p. 11, L. 24-26 stateing " petitioner conceeded in
17 the state appellate court that there was no Federal constitut-
18 ional vioaltion in the withdrawal of his NGI plea. Respondent
19 purposely mistates the record on appeal in order to side-step
20 addressing petitioner's claim. In a Petition For Review in the
21 California State Supreme Court, petitioners appellate attorney
22 cited to that court one of its own holdings that stated (in
23 People v. Guerra, supra) "that a trial court does not need to
24 obtain full Boykin-Tahl waivers from a defendant who seeks to
25 withdraw an NGI plea when the court has no doubt concerning the
26 defendants sanity and the reports of the examining psyciatrists
27 unanimously concluded that he was sane at the time of the offense".
28 Petitioner's appellate attorney went on to state that "Guerra,

1  however, does not say that a trial court can sit idly by and

2  allow a defendant to withdraw his NGI plea in a situation where

3  the courtknows that defense counsel's erroneus interpretation

4  of the law is misleading the defendant on the consequences of

5  taking that action." "That issue issue was not before this court

6  in Guerra, because the defendant there did not claim "that he

7  made his choice otherwise than freely and volanarily and with

8  an adequate comprhension of the consequences". And, "Appellate

9  did make that claim in the Court of Appeal, and it is a claim

10 that presents an important question of law that deserves this

11 court's attention".

12      Petitioner did not "concede" to any such notion by respondent.

13 In fact petitioner relied on Boykin V. Alabama, supra, and yet

14 respondent (at p.9) still states that "the United States Supreme

15 Court" has not "held that the trial court has a sua sponte duty

16 to advise arepresented defendant in connection with the withdrawal

17 of an NGI plea". Here the respondent ignored the holding in a

18 United Statesm Supreme Court case (Boykin v. Alabama, supra)

19 where that court did in fact hold and expressly stated "trial

20 courts must use the "utmost solicitude" to make sure a criminal

21 defendant has a full understanding of what entering or withdrawing

22 a plea connotes and its consequences".". The term "utmost solic-

23 itude" defines that a court must use the "most possible attentive

24 care and protectivness needed to ensure that a defendantknows

25 whats going on and what may happen depending on what choice he

26 makes before he makes any choice atall". Regardless of whether

27 petitioner used the term "sua sponte" or not, it is in fact the

28 duty to follow the above said "guidline"/"rule"/"law" /"holding"

P. 13

1  precedent of not only the United States Supreme Court, but also
2  to follow the holdings in the other said cases too. And in petit-
3  ioners case, the court ered and the error was not "harmless by
4  any means, it was eggrigious because the court knew petitioners
5  trial attorney was incompetent and that petitioner did not know
6  what was going on, and being that the trial court endorsed this
7  action is highly prejudicial to petitioner.

8
9                              IV.
10      In respondents "III", (at p. 12, L. 10-14) respondent states
11  in bold lettering "Petitioner's Claim That The State Constitution
12  Was Violated Does Not State a Federal Issue; In Any Event, The
13  Decision Of The State Court Of Appeal That The Trial Court Did
14  Not Abuse Its Descretion When It Denied Petitioner's Marsden
15  Motion Was Not Contrary To, Nor Does It Unreasonably Apply, United
16  States Supreme Court Authority".

17      Petitioner denies each and every statement made by respondent
18  above.
19      Respondent goes on (at p.12, L.15-20) in its "A". "Petitioners
20  Contention", to again, purposely mistate petitioners claim in
21  order to side-step thier job of addressing the issues petitioner
22  filed in this court. Respondent states that petitioners claim
23  should be dismissed because it does not state a Federal constit-
24  utional basis ; And, that it has no merit.

25      Petitioner also denies that statement, and restates that he
26  has asserted/claimed a state and Federal constitutional violation,
27  and that his claim has merit.

28      At respondents "B". p. 12, L. 21-25, respondent again purp-

1  osely mistates petitioners Claim Three in petitioner's "Petition

2  For A Writ Of Habeas Corpus". Respondent again states that petit-

3  ioners claim should be dismised because it does not assert a vio-

4  lation of Federal Law. Petitioner denies these statements and

5  restates his "Claim Three" in his Petition For A Writ Of A Habeas

6  Corpus, that claim (as did all 3 of petitioners claims) begins

7  at p.6 of the petition and is continued on p.p. 9 (as is stated

8  on p.6) and reads as follows;

9
10
11
12
13

> "Claim Three: Petitioners 6th and 14th Amendment
> Rights To The United States Constitution and
> the California Constitution Artical 1 § 16 and
> 24 Were Violated When The Trial Court Erred In
> Denying Petitioner's Marsden Motion After Defense
> Counsel Confirmed On-The-Record That He Could
> Withdraw His NGI Plea Without Risk Because It
> Could Be Automatically Reinstated At Any Time"

14  That claim, as well as all of petitioners claims have stated

15  a violation of Federal and State Constitutional Rights, which

16  is in fact Law.

17  PETITIONER DENIES RESPONDENTS Answere in its "III", "A", and

18  "B".

19  As to respondents "C"., on p.12 L.26, that "TheClaim Has No

20  Merit" and thier reliance on how the "Appeals Court" rejected

21  petitioner's claim, petitioner denies that statement and states

22  further herin;

23  **A.**

24  Petitioner has established that had it not been for his trial

25  attorney's incompetence in the reading of Guillebeau, and misad-

26  visment to petitioner, petitioner would not have ever withdrawn

27  his NGI plea and therefore would have preserved his right to a

28  trial on his sanity. The proof of this by the very fact that when

1  the trial court judge allowed the prosecution to explain in substantial

2  detail of what entering a plea of NGI would portain, and the con-

3  sequences of the possibility of a lifetime committment to a men-

4  tal institution if convicted, petitioner chose to reaffirm his

5  plea of NGI.

6      **B.**

7      In respondents "2." (at p. 14, L. 1-4) "Discussion" respondent

8  talks about how the Sixth Amendment does not encompass the right

9  toa "meaningfull attorney client relationship" (and at L. (s)

10  4-6) "that the essential aim of the 6th Amendment is to guarantee

11  an  effective advocate for each and every criminal defendant rat-

12  her than to ensure that a defendant will enexorably be represented

13  by the lawyer he prefers".

14      Petitioner has not cliamed that he was constitutionally den-

15  ied the right to a "meaninfull attorney-client relationship",

16  nor has he claimed that he was constitutionall denied the right

17  to a "lawyer whom he prefers". Howenver, petitioner's "Claim One"

18  is Inneffective Assistance of Counsel.

19      Respondent first recites this court to how and or why the

20  state appellate court denied/rejected his claim, in short, that

21  court stated that because that court held hearings on both Marsden

22  Motions (and denied them both, even though the court was well

23  aware of trial counsels incompetence) that it (the appeals court)

24  would apply the abuse of discretion standard whwer as that court

25  denied petitioners claim ( as can be seen in the record of appeal).

26  However, it is petitioner's position that the trial court judge

27  ered by denying petitioner's Marsden Motion because it knew trial

28  counsel was in fact incompetent and inneffective at a very critical

1 | stage of petitioner's trial, and in during the exceptence of the
2 | withdrawal of the NGI plea, the trial court stated "I am making
3 | no committment beyond accepting the withdrawal". That statement
4 | is at best, cryptic and. has no "advisment" nature to it at all.
5 | Nevertheless, it is a total abuse of discretion for the trial
6 | court to deny petitioner's Marsden Motion with its knowledge of
7 | the trial counsel's inabilities.

8 |     At respondent's p. 14 L. (s) 8-10, respondent recites a stat-
9 | ement by the Ninth Circut which stated "to compell one charged
10 | with grievious crime to undergo a trial with the assistance of
11 | an attorney whom he has become embroiled in irrconcilable conflict
12 | is to deprive him of the effictive assistance of any counsel
13 | whatsoever". With this being true, is it not the same or worse
14 | "to compell one charged with a grevious crime to undergo a trial
15 | with the assistance of an attorney who is unable to read a case
16 | and competently interpret the holding at least as well as the
17 | prosecution, and whom is also unable to competntly and correctly
18 | advise his client ? Does this not also deprive one of the effec-
19 | tive assistance of any counsel whatsoever ? Petitioner maintains
20 | that it does and did in his case, that the trial court judge knew
21 | his trial attorney was incompetent and when presented with the
22 | issue at the said Marsden Hearing/ Motion (s), by the trial judges
23 | denial of them violated petitioners state and Federal constit-
24 | utional rights  as well as committing an abuse of discretiion.

25 |
26 |                        **CONCLUSION**
27 |
28 |   Respondent throughout its "Answere" to this Courts Order To

1  Show Cause has repeatedly and purposely mistated petitioner's

2  claims. Respondent has failed to set forth sufficient facts or

3  law to show cause (as this court so ordered) why petitioner's

4  Petition For A Writ Of Habeas Corpus should not be granted.

5      For all of the reasons stated in petitioner's Petition For

6  A Writ Of Habeas Corpus, and stated herin, petitioner respectfully

7  requests that this Honorable Court grant his Habeas Corpus and

8  reverse his conviction/remand his case back to Superior Court

9  for a new trial or a trial on his sanity and or any other relief

10 this Honorable Court See's appropriate.

11

12

13

14

15                              Respectfully Submitted,

16

17 Date: 3/ / 2008
    CC: Respondent/ Att. Gen.        *John Duke SR 03/04/08*
18      Deputy Attorney              JOHN ANTHONY DUKE SR.
        General at: 455 Golden
19      Gate Ave., Suite 11000
        San Fransisco, Ca
20              94102-7004
        Petitioner's File
21      No. 104

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL
### (C.C.P. §§1013(A); 2015.5 & U.S.C. §1746)


I, John Duke Sr., declare that I am a citezen of the state of California,county
of Sacramento, over the age of eighteen years, and am a party to the within cause.
My address is C.S.P. Sac IV, P.O. Box 290066 Represa, California 95671-0066.


On March   , 2008, I served the original and one true copy of the following doc-
uments entitled :

                PETITIONER"S DENIAL/TRAVERSE AND EXCEPTION TO
                THE RESPONDENTS ANSWERE TO THE ORDER TO SHOW
                CAUSE
                     and :

                MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
                THEREOF


By Mailing one original to: The United States District Court For The Northern
                            District At The Following Address

                            U.S. COURTHOUSE
                            450 Golden Gate Avenue
                            San Francisco, Ca 94102-3483

And By Mailing One True Reproduction To: John R. Vance, JR. Deputy Attorney
                                         General Attorney For Respondent

                    at The Following Address: 455 Golden Gate Ave.,
                                               Suite 11000
                                               San Fransisco, Ca
                                               94102-7004


Said service was executed by placing said documents enclosed ina sealed envelope
with postage theron fully prepaid and depositing them in the Institutional Mailing
Service.


I declare under penalty of purjury, under the laws of the state of california
that the foregoing is true and correct as to my knowledge, and that this was
executed on this    4th    day of  March  , 2008 at Represa, California 95671,

_____
        John Duke SR
            Print Name

_____
John Duke SR    03/04/08
            Signature