IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ANTHONY DUKE, | ) | No. C 07-2882 CW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION FOR A |
| | ) | WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | |
| JAMES WALKER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

INTRODUCTION

Petitioner John Anthony Duke, Jr., a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court DENIES the petition.

PROCEDURAL HISTORY

In 2003, a Contra Costa Superior Court jury found Petitioner guilty of murder, Cal. Pen. Code § 187, elder abuse, id. § 368(b)(1), residential robbery, id. §§ 211 & 212.5(a), and residential burglary, id. §§ 459 & 460(a). The jury found true allegations that Petitioner used a deadly weapon in the commission of the murder, id. §§ 190.2(a)(17) & 12022(b)(1), during the course of the robbery and burglary, id., and committed the elder offense with a deadly weapon, id. § 12022(b)(1). The trial court sentenced Petitioner to life without possibility of parole for the

murder, plus a one-year enhancement for the use of a deadly weapon. The trial court stayed the sentences on the remaining convictions. Petitioner appealed. The California Court of Appeal affirmed the judgment. (Ans., Ex. C at 1-2.) The California Supreme Court denied Petitioner's petition for review. (Id., Ex. D.)

Petitioner alleges that (1) trial counsel rendered ineffective assistance in violation of the Sixth Amendment, (2) the trial court violated his rights when it accepted his withdrawal of his plea of not guilty by reason of insanity (NGI), and (3) the trial court violated Petitioner's Sixth Amendment rights by denying his motion to change trial counsel. (Pet. at 1, 9 & 13.)

STATEMENT OF FACTS

Evidence was presented at trial that, in 2000, Petitioner stabbed to death an eighty-seven year old woman in her apartment. The victim's blood was found on Petitioner's shirt and some of the victim's possessions were found in Petitioner's apartment. Petitioner admitted to the killing, but said that he did not have any control over his mind. (Ans., Ex. C at 3.)

STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings of the Supreme Court as of the time of the relevant state court decision.  Id. at 412.

If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'"  Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

3

DISCUSSION

I.   INEFFECTIVE ASSISTANCE OF COUNSEL

   A.   BACKGROUND

Petitioner claims that trial counsel rendered ineffective assistance when he advised Petitioner that "he could withdraw his NGI plea during trial and that it could be reinstated at any time later automatically." (Pet. at 1.) The state appellate court did not directly address this claim, but did render an opinion on the question of prejudice, noting that Petitioner "cannot establish that he would not have withdrawn his NGI plea had his counsel told him that the court would not necessarily reinstate this plea later in proceedings." (Ans., Ex. C at 11-12.)

Respondent contends that Petitioner's claim should be denied on the grounds that it is unexhausted. (Ans. at 4.)

Before trial, Petitioner entered a plea of not guilty, and later changed his plea to NGI. (Id., Ex. C at 3.) Two court-appointed psychologists concluded that Petitioner was legally sane. (Id. at 4, 6.)

During jury selection, trial counsel objected to the trial court's plan to inform the prospective jurors of the NGI plea to allow counsel to voir dire on the subject. Trial counsel was concerned about the possible prejudicial effect of voir dire on the subject, believing that it would lessen the chance that the jury would return a verdict of manslaughter, rather than first-degree murder. After the trial court overruled the objection,

4

trial counsel, after some research on the relevant law, moved to withdraw Petitioner's NGI plea in the belief that the plea could be reinstated at any time. The trial court accepted the withdrawal, but admonished trial counsel and Petitioner that the court "is making no commitment of any type or kind at this time beyond accepting your withdrawal of that plea." (Ans., Ex. C at 4-5.)

During jury deliberations, trial counsel sought to reenter Petitioner's NGI plea. The prosecutor objected, and the trial court deferred ruling. The following day, the trial court agreed to arraign Petitioner on the NGI plea, but stated that the court was not necessarily agreeing to accept it. The next day, the trial court denied Petitioner's motion on the ground that no good cause had been shown to justify the reentry of the NGI plea. The jury returned its verdicts the next day. (Id. at 5-6.)

B. ANALYSIS

1. Exhaustion

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). In fact, a

federal district court may not grant the writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective." See 28 U.S.C. § 2254(b)(1)(A)-(B). However, a federal court may deny a petition on the merits even if it is unexhausted, see 28 U.S.C. § 2254(b)(2), but "only when it is perfectly clear that the petitioner has no chance of obtaining relief." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

The record indicates that Petitioner's ineffective assistance of counsel claim was not properly exhausted, though the legal issues underlying such a claim were addressed on direct review by the state appellate court (Ans., Ex. C at 11-12) and were raised in his petition for review (Ans., Ex. E) to the California Supreme Court.

Although the claim appears to be unexhausted, the Court will deny the claim on the merits for the reasons discussed below.

    2.   Ineffective Assistance of Counsel

The state appellate court's summary of trial counsel's actions is particularly relevant on the question of counsel's effectiveness:

> [G]iven the choice of having voir dire on insanity and having an NGI plea, defense counsel indicated that his tactical decision would have been to withdraw the NGI plea. Trial counsel clearly did not want the jurors who were determining [Petitioner's] guilt to be questioned about the question of insanity, especially since he considered his evidence in support of the NGI

6

plea very weak and having almost no chance of success. (Ans., Ex. C at 11-12.)  The Court notes again that the two court-appointed psychologists concluded that Petitioner was legally sane.

Claims of ineffective assistance of counsel are examined under Strickland v. Washington, 466 U.S. 668 (1984).  In order to prevail on a claim of ineffectiveness of counsel, a petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms.  Id. at 687-68.  Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.  Where the defendant is challenging his conviction, the appropriate question is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.  It is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the Strickland test if the petitioner cannot even establish incompetence under the first prong.  See Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998).

Tactical decisions of trial counsel deserve deference when: (1) counsel in fact bases trial conduct on strategic considerations; (2) counsel makes an informed decision based upon investigation; and (3) the decision appears reasonable under the circumstances. See Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir. 1994). Whether counsel's decisions were indeed tactical is a question of fact considered under 28 U.S.C. 2254(d)(2); whether those actions were reasonable is a question of law considered under 28 U.S.C. § 2254(d)(1). Edwards v. LaMarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).

Applying these legal principles, the Court concludes that Petitioner has not shown that trial counsel rendered ineffective assistance in violation of his Sixth Amendment rights. Trial counsel's decision to withdraw the NGI plea was strategic and informed: as stated above, trial counsel did not want to prejudice his client by informing the jurors about Petitioner's alleged lack of sanity, evidence of which was very weak, especially considering the opinions of the two court-appointed psychologists. Furthermore, Petitioner was at all times informed of trial counsel's decisions, and agreed to the withdrawal of his plea, even after being admonished by the trial court that reentry of the plea was not assured. From this record, trial counsel's decision was reasonable as part of his efforts protect his client's interests. Petitioner, then, has not shown that trial

counsel's tactical decision resulted in a deficient performance. Because Petitioner has not shown that trial counsel's performance was deficient, the Court need not address the prejudice prong. See Siripongs, 133 F.3d at 737.

In sum, because the underlying decision was not unconstitutional, the Court concludes that the state appellate court's determination was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner's ineffective assistance of counsel claim fails, and his claim for habeas relief on this basis is DENIED.

II.   TRIAL COURT'S ACCEPTANCE OF PLEA WITHDRAWAL

   A.   BACKGROUND

Petitioner claims that the trial court violated his state constitutional rights to a fair trial, due process, and equal protection by "allowing him to withdraw his NGI plea without an adequate knowing and intelligent comprehension that he was likely giving up for all time his right to a jury trial on his sanity." (Pet. at 9.)  The state appellate court rejected this claim, finding that the trial court had admonished Petitioner that, even though it was allowing the withdrawal, it offered no opinion about the possibility of a later reentry of the plea.  Nor, in the opinion of the state appellate court, had Petitioner suffered prejudice because Petitioner's chances of prevailing on an NGI plea were "small."  (Ans., Ex. C at 10-11.)

9

B.  ANALYSIS

A writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  It is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119; Peltier v. Wright, 15 F.3d 860, 861-62 (9th Cir. 1994).

Applying the above legal principles to the instant matter, the Court concludes that Petitioner's claim is not cognizable.  That is, Petitioner has alleged a violation of his state, rather than his federal, constitutional rights.  Because federal relief is unavailable for these claims, the Court DENIES Petitioner's claim.

The Court notes that, even if Petitioner had stated a cognizable federal claim, such claim would be without merit.  First, the trial court merely acceded to Petitioner's wishes.  When Petitioner asked to withdraw his NGI plea, the trial court informed him of the consequences of such a decision, and made it clear that it was giving no assurances that an attempt to reenter the plea would be successful.  Second, Petitioner has not shown that he suffered prejudice as a result, a requirement for granting relief.  See Brecht v. Abrahamson, 507 U.S. 619, 638 (1993).  Specifically, an NGI plea had little chance of success,

10

especially considering that the two court-appointed experts had found Petitioner legally sane. On this record, the Court concludes that Petitioner has not shown that there was an underlying constitutional violation. Accordingly, Petitioner is not entitled to habeas relief on this claim, which is DENIED.

III. DENIAL OF MOTION TO CHANGE COUNSEL

    A.    BACKGROUND

Petitioner claims that the trial court violated his California constitutional rights by denying his motion to change trial counsel. (Pet. at 13.) The state appellate court rejected this claim, finding that because trial counsel's decision to withdraw Petitioner's NGI plea was a reasonable tactical decision, the trial court had no reason to grant Petitioner's motion to change counsel. (Ans., Ex. C at 13.)

In March, 2004, roughly two months after the jury rendered its verdict, but before sentencing, Petitioner filed a motion to change counsel. In this motion, Petitioner alleged that he relied on trial counsel's assurances that he could reenter his NGI plea at any time after withdrawal, and that he (Petitioner) did not understand the law. The trial court denied Petitioner's motion, finding that Petitioner had a clear understanding of "what was taking place." Moreover, trial counsel had performed "[q]uite admirably," and had made a "stirring closing argument," in "which he brought to the jury's attention here how important it was for them to understand your mental state, which he has

11

presented through his two expert witnesses." (Ans., Ex. C at 7.) The trial court also denied, on the same grounds, a second motion by Petitioner to change counsel. In denying this second motion, the trial court noted that evidence of Petitioner's mental status had been presented to the jury. (Id. at 8.)

B.   ANALYSIS

The Ninth Circuit has held that when a defendant voices a seemingly substantial complaint about counsel, the trial judge should make a thorough inquiry into the reasons for the defendant's dissatisfaction.[1]  Bland v. California Dep't of Corrections, 20 F.3d 1469, 1475-76 (9th Cir. 1994). However, the inquiry only need be as comprehensive as the circumstances reasonably permit. King v. Rowland, 977 F.2d 1354, 1357 (9th Cir. 1992). The ultimate inquiry in a federal habeas proceeding is whether the petitioner's Sixth Amendment right to counsel was violated. Schell v. Witek, 218 F.3d 1017, 1024-25 (9th Cir. 2000). In other words, the habeas court considers whether the trial court's denial of or failure to rule on the motion "actually violated [the criminal defendant's] constitutional rights in that the conflict between [the criminal defendant] and his attorney had become so great that it resulted in a total lack of communication or other significant impediment that resulted in

---

[1] Petitioner brought his motion under People v. Marsden, 2 Cal. 3d 118 (1970), a case that requires the trial court to permit a criminal defendant requesting substitution of counsel to specify the reasons for his request and generally to hold a hearing.

12

turn in an attorney-client relationship that fell short of that required by the Sixth Amendment." Id. at 1026.  In determining whether the trial judge should have granted a substitution motion, the reviewing habeas court may consider the extent of the conflict, whether the trial judge made an appropriate inquiry into the extent of the conflict, and the timeliness of the motion to substitute counsel.  Daniels v. Woodford, 428 F.3d 1181, 1197-98 (9th Cir. 2005).

As with the above claim, Petitioner alleges solely that his state constitutional rights were violated, not that his federal rights were violated.  As stated above, state law claims are not cognizable in federal court.  Accordingly, the Court DENIES this claim.

Even if Petitioner had stated a cognizable claim, such a claim would fail on its merits, which are addressed below.

Applying the federal legal principles cited above to the instant matter, Petitioner has not shown that the trial court violated his Sixth Amendment rights when it denied his motion to change counsel.  First, the record supports a finding that the trial court adequately inquired into the reasons for the motion. Second, this Court has already determined that the trial court's stated reason for denying the motion -- that trial counsel's decision to withdraw Petitioner's NGI plea was a reasonable tactical decision -- did not result in prejudice to Petitioner. On this record, there is no evidence that the conflict between

13

Petitioner and his attorney had become so great that it resulted in an impediment significant enough to impair the attorney-client relationship so that it fell short of that required by the Sixth Amendment.  Accordingly, this claim for habeas relief is DENIED.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied.  The Clerk of the Court shall enter judgment in favor of Respondent, and close the file.

IT IS SO ORDERED.

DATED: 10/28/09

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY DUKE SR, | Case Number: CV07-02882 CW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| JIMMY WALKER et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 28, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


John Anthony Duke P-97706
C.S.P. Sac IV
P.O. Box 290066
Represa, CA 95671-0066

Dated: October 28, 2009

                                                 Richard W. Wieking, Clerk
                                                 By: Sheilah Cahill, Deputy Clerk